UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

DISABLED PATRIOTS OF AMERICA,
INC., a Florida Not for Profit Corporation,

    Plaintiff,

vs.                                              Case No.

WYNNE BUILDING CORPORATION,
a Florida Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., a Florida Not for Profit Corporation, on its behalf and on behalf of all other mobility-impaired individuals similarly-situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, WYNNE BUILDING CORPORATION, a Florida Corporation, doing business as Hampton Inn (herein sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 USC § 12181 *et seq.* ("ADA").

1. Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a not for profit corporation formed under the laws of the State of Florida. DISABLED PATRIOTS OF AMERICA, INC. maintains its principal office at 9691 Collins Road, Fenwick, MI 48834, in the County of Montcalm.

2. Defendant's property, Hampton Inn is located at 4499 W. Commercial Boulevard, Tamarac, FL 33319, in the County of Broward.

3. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 USC § 1331 and 28 USC § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq. *See*, *also*, 28 USC § 2201 and § 2202.

5. Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a non-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. DISABLED PATRIOTS OF AMERICA, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. DISABLED PATRIOTS OF AMERICA, INC. has also been discriminated against because of its association with its disabled members and their claims.

6. Rudolph Betancourt is a Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Betancourt is a double amputee who uses either prosthetic devises or a wheelchair for mobility. Mr. Betancourt is a member of the

Plaintiff's organization, DISABLED PATRIOTS OF AMERICA, INC., discussed above in paragraph 5.

7. Mr. Betancourt regularly comes to South Florida, including both Dade and Broward counties, and the municipalities therein, including Tamarac, to see friends, relatives, fellow group members of the Plaintiff, Disabled Patriots of America, the group's attorneys, to advocate for disabled rights, and to enjoy the weather, and the plethora of culture events, and eating establishments that the area offers.

8. Mr. Betancourt stayed as a hotel guest at the subject property, which forms the basis of this lawsuit, on June 29, 2021, and he intends to return to the subject hotel once it is made accessible for his use to avail himself of the goods and services offered to the public at the property. Mr. Betancourt intends to return to the South Florida and the Broward County area in the near future. The barriers to access as set forth herein at the subject property have endangered his safety.

9. Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Hampton Inn and is located at 4499 W. Commercial Boulevard, Tamarac, FL 33319.

10. DISABLED PATRIOTS OF AMERICA, INC. and Rudolph Betancourt have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property as described but not necessarily limited to the allegations in paragraph 12 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the

Defendant. Mr. Betancourt desires to visit Hampton Inn not only to avail himself of the goods and services available at the property but to assure himself that the property is in compliance with the ADA so that he and others similarly-situated will have full and equal enjoyment of the property without fear of discrimination.

11. The Defendant has discriminated against the individual Plaintiff, and the members of the corporate Plaintiff organization, by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 USC § 12182 et seq.

12. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Hampton Inn has shown that violations exist. These violations which Rudolph Betancourt personally encountered or observed, and which were verified by an ADA expert, include, but are not limited to:

**Accessible Parking**

a. There is no marked access aisle at the passenger loading zone making it difficult for the plaintiff to utilize, in violation of section 503.3.3 in the 2010 ADA Standards, whose resolution is readily achievable.

**Exterior Accessible Route**

b. The curb ramp for the accessible parking stalls that leads to the accessible side entrance has a running slope that exceeds the maximum allowance of 8.33% making it difficult for the plaintiff to traverse, in violation of section 405.2 in the 2010 ADA Standards, whose resolution is readily achievable.

**Entrances**

c. The main entrance and side entrances throughout the facility do not provide the International Symbol of Accessibility making it difficult for the plaintiff to identify

the accessible entrance, in violation of section 703.7.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

### Common-Lobby Area

d. The front desk service counter exceeds the maximum height requirement of 36 inches above the finish floor to the top of the counter and does not provide a compliant lowered section of the counter making it difficult for the plaintiff to utilize, in violation of section 904.4 in the 2010 ADA Standards, whose resolution is readily achievable.

e. The credit card machines transaction mechanism exceeds the maximum height requirement of 48 inches above the finish floor to the operable part making it difficult for the plaintiff to utilize, in violation of section 308.2, 308.3, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

f. The tables in the dining area do not provide at least 5% of compliant accessible seating spaces making it difficult for the plaintiff to utilize, in violation of section 226.1 in the 2010 ADA Standards, whose resolution is readily achievable.

g. The bananas, self serve cups and drink dispensers operable mechanisms exceed the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

h. The snack machine by the accessible side entrance has a credit card transaction operable mechanism that exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of section 308.2, 308.3, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

### Pool Area

i. The pool and spa do not provide poo lifts as required for a transient lodging facility, making it difficult for the plaintiff to utilize, in violation of section 242.2 and 224.4 in the 2010 ADA Standards, whose resolution is readily achievable.

### Public Men's Restroom

j. The plaintiff had to use caution while utilizing the lavatory due to the drain pipe being partially exposed and not fully insulated, in violation of section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

k. The side wall grab bar does not extend 54 inches minimum from the rear wall making it difficult for the plaintiff to utilize, in violation of section 604.5.1 in the 2010 ADA Standards, whose resolution is readily achievable.

l. The spacing above the side wall grab bar is obstructed by the toilet paper being stored on it making it difficult for the plaintiff to utilize, in violation of sections 609 and 609.3 in the 2010 ADA Standards, whose resolution is readily achievable.

**Guest Room 333**

m. The chair is obstructing the clear floor space for an approach to the lamp making it difficult for the plaintiff to utilize, in violation of sections 305.3, 305.5, and 305.6 in the 2010 Standards, whose resolution is readily achievable.

n. The iron exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of sections 308.2.1, 308.3.1, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

o. The side wall grab bar does not extend 54 inches minimum from the rear wall making it difficult for the plaintiff to utilize, in violation of section 604.5.1 in the 2010 ADA Standards, whose resolution is readily achievable.

p. The spacing above the side wall grab bar is obstructed by the towel being stored on it and the spacing below the rear wall grab bar is obstructed by the toilet paper stored on the water tank making it difficult for the plaintiff to utilize, in violation of sections 609 and 609.3 in the 2010 ADA Standards, whose resolution is readily achievable.

q. The door maneuvering slope at the guestroom bathroom door landing exceeds the maximum slope allowance of 2% in any direction making it difficult for the plaintiff to traverse, in violation of section 404.2.4.4 in the 2010 ADA Standards, whose resolution is readily achievable. Note: 9.1 degree slope is equal to 16.0%.

r. The toilet paper dispenser does not meet the minimum requirement of 7 inches and maximum requirement of 9 inches from the front rim of the toilet to the centerline of the dispneser making it difficult for the plaintiff to utilize, in violation of section 604.7 in the 2010 ADA Standards, whose resolution is readily achievable.

s. The shower spray unit does not provide an on/off control with a non-positive shut-off as required making it difficult for the plaintiff to operate, in violation of section 607.6 in the 2010 ADA Standards, whose resolution is readily achievable.

t. The controls for the standard roll-in type shower are not in the compliant location on the back wall making it difficult for the plaintiff to utilize, in violation of section 608.5.2 in the 2010 ADA Standards, whose resolution is readily achievable.

u. The plaintiff had to use caution while utilizing the lavatory due to the drain pipe and water lines being exposed and not fully insulated, in violation of section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

    v. The towel storage shelf exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of section 308.2, 308.3, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

    **Maintenance**

    w. The accessible features of the facility are not maintained, creating barriers to access for the Rudolph Betancourt, as set forth herein, in violation of 28 CFR 36.211.

  13. All of the foregoing cited violations are violations of both the 1991 Americans with Disabilities Act Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as adopted by the Department of Justice.

  14. The discriminatory violations described in paragraph 12 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, members of the Plaintiff group, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff, members of the Plaintiff group and all others similarly-situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

  15. Defendant has discriminated against the Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of its place of public accommodation or commercial facility in violation of 42 USC § 12181 et seq. and 28 CFR 36.302, et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

16. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

17. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 USC § 12205 and 28CFR 36.505.

18. Defendant is required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent

to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

19. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

20. Pursuant to 42 USC § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Hampton Inn to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 USC § 12181, *et seq*.

b. Injunctive relief against the Defendant, including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than

other individuals because of the absence of auxiliary aids and services.

  c.  An award of attorney's fees, costs and litigation expenses pursuant to 42 USC §12205.

  d.  Such other relief as the Court deems just and proper, and/or is allowable underTitle III of the Americans with Disabilities Act.

  e.  The Order shall further require the Defendant to maintain the required accessible features on an ongoing basis.

Dated: July 21, 2021          Respectfully submitted,

                */s/ John P. Fuller*
                John P. Fuller, Esq., FL Bar No. 0276847
                Fuller, Fuller & Associates, P.A.
                12000 Biscayne Blvd., Suite 502North Miami, FL 33181
                Telephone: (305) 891-5199
                Facsimile: (305) 893-9505
                jpf@fullerfuller.com

                *Counsel for Plaintiff*